SANDUSKY NURSING HOME, INC.,
APPELLANT, *v.* OHIO DEPARTMENT OF
HUMAN SERVICES ET AL.,
APPELLEES.

(No. 88AP-621—Decided
August 9, 1988.)

*Lucas, Prendergast, Albright, Gib-*

*son & Newman* and *Rankin M. Gibson,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *H.L. Wright III, David C. Calderhead* and *Simon B. Karas,* for appellees.

BRYANT, J. Appellant, Sandusky Nursing Home, Inc., has heretofore been an intermediate care facility for the mentally retarded ("ICF/MR") pursuant to Title XIX of the Social Security Act, Section 1396 *et seq.,* Title 42, U.S. Code. As a participant in Ohio's Medicaid program, appellant has provided services to mentally retarded individuals who are entitled to receive Medicaid benefits and in turn has received payments from the state in compensation for the provision of those services. The federal government partially subsidizes the state's Medicaid payments to appellant.

On July 6, 1988, appellant filed a complaint in the Ohio Court of Claims seeking injunctive relief to prevent certain state officials both from "terminating payments to the Plaintiff on behalf of categorical recipients of Medicaid benefits" then located at appellant's facility, and from "transferring or relocating the categorical recipients of Medicaid benefits to other long-term care facilities, against their wishes * * *." The Court of Claims ultimately denied all requests for injunctive relief, including appellant's oral motion for an injunction pending appeal.

Appellant thereafter appealed from that decision to this court. Pursuant to appellant's motion, this court granted an injunction pending appeal, and the case is now before the court on an expedited basis for determination of the merits of appellant's appeal.

Although appellant's brief contains no assignments of error as such, appellant essentially contends that appellees' proposed termination of ap-

pellant's Medicaid payments is arbitrary and capricious, and contrary to state and federal law, and therefore properly enjoinable by the Court of Claims.

To the contrary, appellees contend[1] that a termination of payments to appellant is required by law, since the federal subsidy with regard to appellant's facility, the federal financial participation ("FFP"), has ended. More specifically, appellees argue that a cutoff of FFP requires a concurrent cutoff of state payments to appellant.

Upon review of the relevant statutes and regulations, we conclude that appellees' argument is well-taken and that the Court of Claims correctly refused to grant the requested injunctive relief.

State and federal officials who have inspected appellant's facility have charged that the facility does not meet the requirements of Medicaid certification. On the state level, these charges led to the June 6, 1988 decision by the Director of the Ohio Department of Health ("ODH") ordering nonrenewal of appellant's ICF/MR certification. Currently under appeal pursuant to R.C. 119.12, that decision has been stayed by the Erie County Court of Common Pleas. On the federal level, administrative action seeking to decertify appellant has been pending. However, appellees submitted materials in opposition to appellant's motion for injunction pending appeal that indicate that said decertification proceeding has been dismissed.

Under the foregoing circumstances, appellees are correct in noting that

FFP is no longer forthcoming with regard to Medicaid recipients residing in appellant's ICF/MR facility. Appellant has been the subject of nonrenewal proceedings on the state level; nonetheless, federal regulations allowed for the continued provision of FFP with regard to Medicaid recipients residing in appellant's ICF/MR facility during the pendency of the state administrative proceedings. However, the duration of FFP in such a situation is not indefinite. In this case, FFP in Ohio's Medicaid program with regard to appellant ended thirty days after "[t]he date of issuance of an administrative hearing decision that [upheld] the agency's termination or nonrenewal action," if not sooner. Sections 442.40(d)(2)(i) and (e), Title 42, C.F.R. In other words, FFP ended, at the latest, thirty days after the issuance of the June 6, 1988 decision of ODH upholding the decision not to renew appellant as an ICF/MR facility.[2] The Erie County stay of the ODH decision does not prevent the operation of this regulation, the triggering mechanism of which is the issuance of said decision, and not any proceedings thereafter. In short, as of July 6, 1988, no FFP with regard to appellant's facility was forthcoming to the state of Ohio.[3] The validity of this federal regulation has not been raised in this action.

Appellant has disputed the applicability of the foregoing regulation by emphasizing that federal administrative action remains pending and that under federal statute FFP is to continue during the pendency of said action. Regardless of the fact that the ap-

---

[1] None of the parties contests the jurisdiction of the Ohio Court of Claims to determine the issues presented to it. As a result, we neither address nor decide that issue herein.

[2] The decision by the Director of ODH

was the final administrative decision under Ohio law. R.C. 5111.06(D)(1).

[3] Ohio has adopted rules that synchronize the cutoff of state payments with the cutoff of FFP. See Ohio Adm. Code 5101:3-3-014 and 5101:3-3-015.

pellees have tendered materials showing that the federal administrative action has been dismissed, appellant's argument is baseless. Appellant essentially contends that, because it was subject to proceedings on both the state and federal level, it is entitled to a longer duration of FFP than a facility that is subject to only state proceedings. It makes little sense that the pendency of a federal proceeding, the purpose of which is also to decertify appellant, somehow extends the duration of FFP beyond that allowed a facility subject only to state proceedings. In fact, the regulation found in Section 442.40, Title 42, C.F.R., terminating FFP in this case by July 6, 1988, is independent of other federal law that allows for continued FFP during the pendency of the federal proceedings. The question is not whether FFP would continue because of the pendency of either state or federal proceedings, but rather whether FFP is terminated because either of those proceedings has reached such a stage that FFP should be terminated. In this case, FFP has ended pursuant to Section 442.40, Title 42, C.F.R., because of the issuance of an administrative hearing decision. Accordingly, FFP has been terminated, regardless of the now-dismissed federal proceedings.

The effect of a cutoff of FFP is plain under Ohio law. Ohio has chosen to provide medical assistance in the form of Medicaid payments "as long as" federal funds are provided for that assistance. R.C. 5111.02(A). The cutoff of FFP with regard to recipients residing in appellant's facility, therefore, requires a concurrent cutoff of state funds for such assistance. *New London Hosp.* v. *Creasy* (App. 1980), 18 O.O. 3d 201, 203.

In sum, the proposed action of appellees of terminating Medicaid payments as of July 6, 1988 is not arbitrary and capricious as it is not con-

trary to state and federal statutes and regulations. Rather, it is ordained by such law, in particular by Ohio law that mandates the cutoff of state funds once FFP is terminated.

In a secondary argument, appellant contends that it would be a denial of due process to relocate or transfer residents of appellant's facility without first providing them notice and hearing. Although there is some question whether appellant has standing to raise these concerns, we nonetheless note there is no due process violation in not affording notice and hearing to the residents of the subject facility. *O'Bannon* v. *Town Court Nursing Ctr.* (1980), 447 U.S. 773.

Having found appellant's propositions of law to be not well-taken, we affirm the judgment of the Ohio Court of Claims.

*Judgment affirmed.*

STRAUSBAUGH and YOUNG, JJ., concur.